## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910 | CIVIL ACTION NO. 19-13 **COMPLAINT** |
| *Plaintiff*, | |
| v. | |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION 1200 New Jersey Ave, SE Washington, DC 20590 | |
| *Defendant*. | |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, to compel the National Highway Traffic Safety Administration ("NHTSA" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operation of federal, state, and local governments.

3. On October 10, 2018, Plaintiff submitted a FOIA request, attached as <u>Exhibit A</u>, seeking records related to Defendant's rationale for inaction to reduce automotive carbon monoxide ("CO") injuries and deaths.

4.  On October 10, 2018, Plaintiff received a letter from Defendant acknowledging receipt of Plaintiff's FOIA request and assigning it the tracking number ES18-003695, attached as Exhibit B.

5.  Without explanation, on October 16, 2018, Plaintiff received a second nearly-identical acknowledgment letter assigning it a different tracking number: ES18-003754. That letter is attached as Exhibit C.

6.  On December 10, 2018, Plaintiff contacted Defendant by telephone at the number listed on the acknowledgment, seeking an explanation for Defendant's two acknowledgement letters and an update regarding the status of Plaintiff's FOIA request. The call went to voicemail, and a message was left requesting that they call back and identifying the two tracking numbers Plaintiff had been provided.

7.  As of this filing, January 3, 2019, Defendant has not responded to Plaintiff's inquiries or provided an explanation for the two acknowledgment letters with different Request Numbers.

8.  The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

9.  The FOIA requires agencies to determine whether to comply with a FOIA request within twenty working days after its receipt. 5 U.S.C. § 552(a)(6)(A)(i).  In "unusual

circumstances," the agency may extend this time period for a maximum of ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

10. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits of the FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

11. Plaintiff now seeks an order from this Court requiring Defendant to immediately produce the records sought by Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

13. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

14. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

15. This Court has authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

16. Plaintiff, PEER, is non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in Florida, Massachusetts, and Tennessee.

17. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resources management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

18. Defendant, NHTSA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

19. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENTS OF FACT

20. In January 2011, the Society of Automotive Engineers proposed that vehicles with keyless ignitions be required to install alerts to warn drivers when cars are still running without the key fob in or near the car, and in some cases to shut the engine off automatically. In December 2011, NHTSA proposed a regulation along these lines. However, NHTSA has yet to act on that proposed regulation.

21. In 2013-14, NHTSA began an investigation of seven automakers concerning their safety features for keyless vehicles. However, the results of that investigation remain unclear.

22. In 2016, NHTSA announced a review of the issue of keyless ignitions in automobiles but this review has apparently not been completed.

23. On September 28, 2017, Plaintiff submitted a petition for rulemaking to NHTSA to require the installation of CO detectors in all new motor vehicles and require the installation of built-in engine cut-off devices to prevent injuries and fatalities caused by carbon monoxide from motor vehicle exhaust. That petition was denied January 26, 2018.

24. In a March 2018 statement to the New York Times concerning deaths from CO inhalation, NHTSA stated "Once N.H.T.S.A. has finished its review and determined the best path forward, N.H.T.S.A. will take appropriate action."[1]

25. On October 10, 2018, Plaintiff submitted a FOIA request, attached as Exhibit A, seeking (1) Decision documents explaining the rationale behind NHTSA's denial of the above-referenced PEER rulemaking petition; (2) The final report of the above-referenced NHTSA 2016 review of keyless ignition systems; (3) Documents reflecting the latest status of the above-referenced proposed NHTSA regulation relating to keyless ignitions as well as explaining the reasons why this regulation has not been finalized; (4) The final report of investigation in the above-referenced 2013-14 review of seven automakers; and (5) A copy of the NHTSA response to the July 11, 2018 letter from four U.S. Senators concerning keyless ignitions.

26. On October 10, 2018 and October 16, 2018, Defendant acknowledged receipt of Plaintiff's FOIA request. See Exhibit B, Exhibit C.

---

[1] David Jeans & Majlie De Puy Kamp, *Deadly Convenience: Keyless Cars and Their Carbon Monoxide Toll*, N.Y. TIMES (May 13, 2018), https://www.nytimes.com/2018/05/13/business/deadly-convenience-keyless-cars-and-their-carbon-monoxide-toll.html.

27. As of the date of this filing, January 3, 2018, it has been 57 "working days" from the date of Defendant's first acknowledgment of Plaintiff's FOIA request on October 10, 2018.[2]

28. As of this filing, Defendant has not indicated that any "unusual circumstances" exist regarding Plaintiff's FOIA request.

29. As of this filing, Defendant has failed to make a determination on, or produce any documents in response to Plaintiff's FOIA request, Request Number ES18-003695 or ES18-003754.

30. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i).

31. Having fully exhausted its administrative remedies for its October 10, 2018 FOIA request, Plaintiff now turns to this Court to enforce the FOIA's timely guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

32. Plaintiff incorporates and restates the allegations of the preceding paragraphs.

33. Defendant's failure to disclose the records requested is a wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552.

---

[2] Guidance issued by the Department of Justice in the aftermath of the October, 2013 government shutdown indicates that "working days" for purposes of FOIA compliance include "days when the government was closed." *See* U.S. DEP'T OF JUSTICE, CALCULATING FOIA RESPONSE TIMES AFTER THE GOVERNMENT SHUTDOWN (Oct. 29, 2013), https://www.justice.gov/oip/blog/calculating-foia-response-times-after-government-shutdown.

34. Plaintiff now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i.  Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii.  Issue a permanent injunction directing Defendant disclose to Plaintiff all wrongfully withheld records;

iii.  Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.  Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on January 3, 2019,

/s/Paula Dinerstein
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Counsel for Plaintiff*